UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RANDY BLAIR DAVIS,<br><br>  Plaintiff<br><br>v.<br><br>ANDREW SAUL,<br>Commissioner of<br>Social Security Administration,<br><br>  Defendant | Case No.: 3:19-cv-00402-MMD-WGC<br><br>**Report & Recommendation of**<br>**United States Magistrate Judge**<br><br>Re: ECF No. 21 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's counsel's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). (ECF Nos. 21, 21-1 to 21-6.) Plaintiff did not file a response. The Commissioner filed a response, but takes no position as to the reasonableness of the fees request. (ECF No. 22.)

After a thorough review, it is recommended that Plaintiff's counsel's motion be granted.

## I. BACKGROUND

Plaintiff Randy Davis, represented by counsel, filed a complaint requesting review of the final decision of the Commissioner. (ECF No. 1.) Plaintiff filed a Motion for Reversal and Remand. (ECF No. 12.) In response, the parties filed a stipulation for voluntary remand for the administrative law judge (ALJ) to re-evaluate Plaintiff's alleged symptoms and residual functional capacity, and if warranted, to obtain supplemental vocational expert evidence and clarify the effect of the assessed limitations, off the opportunity for a hearing and issue a new

decision. They also stipulated to the entry of judgment for Plaintiff. (ECF No. 13.) District Judge Du approved the stipulation and entered judgment in Plaintiff's favor. (ECF Nos. 14, 15.)

The parties stipulated and District Judge Du ordered an award of attorney's fees and expenses under the Equal Access to Justice Act (EAJA) in the amount of $4,449.53. (ECF Nos. 17, 19.)

On remand, the Commissioner found Plaintiff disabled and awarded Plaintiff $102,457 in past due benefits. (*See* ECF No. 21-3; Palmer Decl., ECF No. 22-1 at 2 ¶ 4.)

Plaintiff's representation was based on a contingency fee agreement. Plaintiff's counsel filed this motion requesting an award of attorney's fees in the amount of $19,614.25 under 42 U.S.C. § 406(b), with the $4,449.53 award under the EAJA to be refunded to Plaintiff for the EAJA fees previously paid. (ECF No. 21.)

## II. LEGAL STANDARD

The court may award fees when it "renders a judgment favorable to a claimant … who was represented before the court by an attorney … not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1).

"[A]n award under §406(b) compensates an attorney for all the attorney's work before a federal court on behalf of the Social Security claimant in connection with the action that resulted in past-due benefits." *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1220 (9th Cir. 2012). "The fee is payable 'out of, and not in addition to, the amount of past-due benefits' awarded to the claimant." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (citing §406(b)(1)). "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b)

calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 807.

In conducting the fee analysis, the court should begin with the contingent fee agreement and determine if it is within the 25 percent cap, and then test it for reasonableness. *Gisbrecht*, 535 U.S. at 808. In other words, "the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Gisbrecht*, 535 U.S. at 808).

*Crawford* has set forth factors that district courts should consider in determining the reasonableness of the fee, including (1) the character of the representation (whether there was substandard performance or delay attributable to the attorney requesting the fees); (2) the results achieved; (3) whether the benefits of the representation were out of proportion with the time spent on the case; and (4) the risk assumed by counsel in accepting the case. *Crawford*, 586 F.3d at 151-52. "'[A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement,' but 'not as a basis for satellite litigation,' the court may require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases." *Id*. at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). The attorney bears the burden of establishing that the fee sought is reasonable. *Id*. at 1145, 1148 (citing *Gisbrecht*, 535 U.S. at 807) (approving requests for fees with an effective hourly rate of $659, $813, and $875); *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003) ("Since *Gisbrecht* … district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non-contingency-fee arrangements" because "courts recognize that basing a reasonableness determination on a simple

3

hourly rate is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss.").

Finally, when fees are awarded under the EAJA, and fees are also awarded under section 406(b) in the same court, the court must offset the EAJA award against the section 406(b) award. *Gisbrecht*, 535 U.S. at 796; *Parrish*, 698 F.3d at 1221.

### III. DISCUSSION

Here, the contingency agreement was for a fee of 25 percent of past due benefits awarded if Plaintiff was successful, and is therefore within the 25 percent statutory cap. (ECF No. 21-2 at 2-3.)

Next, the court will address the *Crawford* factors. First, there is no issue with the character of the representation, i.e., nothing in the record suggests counsel's performance was substandard. There is no delay or dilatory conduct attributable to Plaintiff's counsel. Second, Plaintiff's counsel achieved a successful result—a voluntary remand which resulted in a finding of disability and award of substantial past due benefits. (ECF No. 21-3.) Third, the benefits of representation are not out of proportion with the time spent on the case. 24.8 total hours were spent on this case, comprised of 18.5 hours of attorney time and 6.3 hours of paralegal time. Combining the attorney and paralegal hours, the fee of $19,614.25 for 24.8 hours of work translates to an hourly rate of $790.90 ($19,614.25 ÷ 24.8 hours), or an hourly rate of $611.48 after the EAJA fees in the amount of $4,449.53 are offset ($19,614.25-4,449.53=$15,164.72 ÷ 24.8 hours).

If paralegal hours are billed at $100 per hour (for a total of $630 for paralegal work) and that is deducted from the fees sought, the attorney rate is $1,026.18 ($19,614.25-$630 =

$18,984.25 ÷ 18.5 hours). When the EAJA fees are offset, the rate is $785.66 ($18,984.25 - $4,449.53=$14,534.72 ÷ 18.5).

Courts within this circuit have awarded fees under section 406(b) for similar rates. *See e.g. Crawford*, 586 F.3d at 1153 (approving effective hourly rates of $519, $875, and $902); *Mandler v. Saul,* No. 2:13-cv-01636-GMN-GWF, 2020 WL 7335662 (D. Nev. Dec. 14, 2020); *Melendez Meza v. Berryhill,* No. EDCV 16-1286-KS, 2019 WL 1751833, at *3 (C.D. Cal. Feb. 25, 2019) ("The Ninth Circuit has found reasonable fees with effective hourly rates exceeding $900, and the Central District of California has repeatedly found reasonable fees with effective hourly rates exceeding $1,000 per hour."); *Rolleri v. Berryhill*, 3:16-cv-HDM-WGC, 2019 WL 1646394 (D. Nev. April 16, 2019) (approving hourly rate of $923.91, and $788.04 with EAJA offset); *McCullough v. Berryhill*, Case No. 16-cv-00625-BLF, 2018 WL 6002324 (N.D. Cal. Nov. 15, 2018) (approving effective hourly rate of $874.72); *Harrell v. Berryhill*, Case No. 16-cv-02428-TSH, 2018 WL 4646735, at *4 (N.D. Cal. Sept. 24, 2018) (finding de facto hourly rate of $1,213 reasonable under *Gisbrecht*); *Lopez v. Colvin*, Case No. 6:14-cv-1910-SI, 2017 WL 168060, at *2 (N.D. Cal. Jan. 17, 2017) (approving effective hourly rate of $1,131); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (approving effective hourly rate of $1,546.39).

Counsel has submitted billing records in support of the requested fee that the court has reviewed and finds the work performed to be reasonable. Finally, counsel, as in most all Social Security cases, assumed a risk of going uncompensated in accepting the case and that the time before past due benefits were awarded, if any, could be quite lengthy within both the courts and the administration.

While the hourly rate is relatively high, the amount of fees sought is within the 25 percent statutory cap, the plaintiff filed no objection to the request and counsel achieved an excellent result for the client.

Applying *Gisbrecht* and *Crawford*, the court concludes that the fees requested are reasonable and should be awarded under section 406(b) in the amount of $19,614.25, with an order that Plaintiff be refunded the amount of $4,449.53 for the fees already awarded under the EAJA.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** the motion for attorney's fees under § 406(b), and awarding Plaintiff's counsel $19,614.25 in fees with an order that Plaintiff's counsel refund to Plaintiff the $4,449.53 for the fees awarded under the EAJA.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: April 26, 2021

*William G. Cobb*
William G. Cobb
United States Magistrate Judge