UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RANDY BLAIR DAVIS,<br><br>Plaintiff,<br>v.<br><br>ANDREW M. SAUL,<br><br>Defendant. | Case No. 3:19-cv-00402-MMD-WGC<br><br>ORDER |

Plaintiff Randy Blair Davis brings this action requesting review of the final decision of Acting Social Security Commissioner Andrew M. Saul. (ECF No. 1.) The parties have since stipulated to an entry of judgment for Plaintiff (ECF Nos. 14,15), and on April 19, 2021, Plaintiff moved for attorney fees pursuant to section 206(b)(1) of the Social Security Act and 42 U.S.C. § 406(b)(1).[1] (ECF No. 21 ("Motion").) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 23), recommending the Court grant the Motion. The parties had until May 10, 2021 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will grant the Motion.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and

---

[1] Defendant responded (ECF No. 22), but did not comment on the reasonableness of the fee request.

recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Cobb did not clearly err. Here, Judge Cobb recommends the Court grant the Motion because the requested contingency fee of $19,614.25 is within the 25% statutory cap set by § 406(b)(1).[2] (ECF No. 23 at 2, 4.) After determining the requested fee was within the statutory cap, Judge Cobb further reasoned that the fee is reasonable under the four factors the Ninth Circuit set forth in *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009). (*Id.* at 4-6.) The Court agrees with Judge Cobb. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 23) is accepted and adopted in full.

It is further ordered that Plaintiff's motion for attorney's fees (ECF No. 21) is granted.

It is further ordered that Plaintiff's counsel is awarded $19,614.25 in fees.

It is further ordered that Plaintiff's counsel must refund $4,449.53 for fees awarded under the Equal Access to Justice Act.

DATED THIS 11th Day of May 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]The parties have also stipulated that $4,449.53 must be refunded to Plaintiff under the Equal Access to Justice Act. (ECF Nos. 17, 19.)

2